J-S68027-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| TROY JOHNSON BROWN | |
| Appellant | No. 109 WDA 2016 |

Appeal from the PCRA Order Dated December 11, 2015
In the Court of Common Pleas of Venango County
Criminal Division at No(s): CP-61-CR-0000565-2006

BEFORE:  SHOGAN, J., SOLANO, J., and STRASSBURGER, J.[*]

MEMORANDUM BY SOLANO, J.:                   **FILED NOVEMBER 07, 2016**

Appellant Troy Johnson Brown files this counseled appeal from the December 11, 2015, order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, for lack of jurisdiction.  We affirm.

The PCRA court summarized the pertinent procedural history of this case as follows:

> Mr. Brown was sentenced on November 20, 2007 on two counts of Possession with Intent to Manufacture or Deliver a Controlled Substance[,35 Pa. C.S.A. § 780-113(a)(30),] and one count [of] Criminal Conspiracy to Commit Possession with Intent to Deliver a Controlled Substance[,18 Pa. C.S.A. § 903(a)(1)-(2)], to an aggregate sentence of thirteen (13) to thirty (30) years. Specifically, he was sentenced to [] five (5) to (10) years at

---

[*] Retired Senior Judge assigned to the Superior Court.

Count 2, a consecutive five (5) to (10) years at Count 3, and a consecutive three (3) to (10) years at Count 1. In giving this sentence, this Court invoked the mandatory minimums proscribed [*sic*] by 18 Pa. C.S.A. §§ 7508(a)(7)(ii) and (a)(3)(ii) at Counts 2 and 3, respectively. Mr. Brown filed a direct appeal, which was denied by the Superior Court's Non-Precedential Decision of July 8, 2009. The instant PCRA was initiated by Mr. Brown's filing dated February 25, 2015. Attorney Kirtland filed an Amended PCRA petition on Mr. Brown's behalf on March 27, 2015.

PCRA Court Opinion, 12/11/15, at 1-2.

In his amended petition, Appellant claimed that his sentence was illegal under ***Alleyne v. United States***, 133 S.Ct. 2151 (2013), in which the U.S. Supreme Court held that any fact that by law increases a mandatory minimum sentence must be treated as an element of the offense and found by a jury beyond a reasonable doubt.[1] The PCRA court held a hearing on Appellant's petition on April 24, 2015, and denied the petition on December 11, 2015. The PCRA court held that Appellant's petition was untimely and did not satisfy the newly-recognized constitutional right exception to the PCRA's time bar set forth at 42 Pa.C.S. § 9545(b)(1)(iii). Specifically, the court stated, "the rule announced in ***Alleyne*** does not allow

_____

[1] As the PCRA court noted, "the Amended PCRA purports to be 'in addition to the claims set forth' in [Appellant's] initial filing . . . ." PCRA Court Opinion, 12/11/15, at 2 n.3. The PCRA court stated, "[t]o the extent the initial filing contains issues distinct from [the ***Alleyne*** issue], we construe such arguments as underdeveloped and therefore waived." ***Id.*** In this appeal, Appellant raises only the ***Alleyne*** claim; thus, we conclude that Appellant has abandoned any additional claims that may have been in the original, *pro se*, PCRA petition.

[Appellant] to invoke the new constitutional right exception to the time bar" because "**Alleyne** has not been held by the United States Supreme Court to invalidate [mandatory minimum] sentencing schemes retroactively." PCRA Court Opinion, 12/11/15, at 2, 3.

In this appeal, Appellant raises the following issue, as stated:

> Whether the PCRA court abused its discretion or erred as a matter of law in denying the petitioner's PCRA petition seeking to find his sentence unconstitutional since he was sentenced to a mandatory minimum sentence and the statutes concerning [his] conviction have been found unconstitutional but not retroactive.

Appellant's Brief at 5.

This Court's standard of review regarding an order dismissing a petition under the PCRA is "to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Barndt**, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations and internal quotation marks omitted).

The timeliness of a post-conviction petition is jurisdictional. **Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final, unless the petition alleges and the petitioner proves one of the three

exceptions to the time limitations for filing the petition set forth in Section 9545(b) of the statute. **See** 42 Pa.C.S. § 9545(b).[2]

Here, Appellant's judgment of sentence became final on August 7, 2009, when the thirty-day time period for filing an *allocatur* petition with the Supreme Court of Pennsylvania expired. **See** 42 Pa.C.S. § 9545(b)(3). As Appellant filed the instant PCRA petition more than five years after his judgment of sentence became final, it is patently untimely unless Appellant has satisfied his burden of pleading and proving that one of the three enumerated exceptions applies.

Appellant's petition and amended petition did not plead or prove application of any of the enumerated exceptions, but in his brief to this Court, Appellant attempts to invoke the newly-recognized constitutional right

---

[2] The three exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).

exception set forth at 42 Pa.C.S. § 9545(b)(1)(iii).  *See* Appellant's Brief at 10-11.  However, the PCRA court anticipated this argument and explained that this exception applies only when the court that recognized the new right has held that the right applies retroactively.  *See* PCRA Court Opinion, 12/11/15, at 2; 42 Pa.C.S. § 9545(b)(1)(iii).  The PCRA court further explained that because the U.S. Supreme Court has not held that *Alleyne* applies retroactively to cases on collateral review, Appellant could not satisfy the newly-recognized constitutional right exception to the PCRA's jurisdictional time bar.  PCRA Court Opinion, 12/11/15, at 3.  The PCRA court was correct.  Further, after the PCRA court issued its opinion in this case, the Supreme Court of Pennsylvania expressly held that *Alleyne* does not apply retroactively in the PCRA context.  *Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016) ("We hold that *Alleyne* does not apply retroactively to cases pending on collateral review . . . .").  There is thus no authority for application of the newly-recognized constitutional right exception to Appellant's PCRA petition.  As Appellant does not argue for application of any other exception, his petition is untimely.[3]

_____

[3]  The PCRA court's analysis of Appellant's untimeliness adequately disposes of this matter, but we note that Appellant failed to meet the PCRA's requirements for two additional reasons.  First, his PCRA petition failed to allege application of any of the exceptions in Section 9545(b)(1), and he made no argument for application of the newly-recognized constitutional right exception until he filed his brief to this Court, which is contrary to what the statute requires.  *See* 42 Pa.C.S. § 9545(b)(1); *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007) ("exceptions to the time bar
*(Footnote Continued Next Page)*

Based on the foregoing, the PCRA court correctly concluded that it lacked jurisdiction to consider Appellant's untimely PCRA petition. We therefore affirm the PCRA court's order denying Appellant post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/7/2016

*(Footnote Continued)* ————————

must be pled in the PCRA petition, and may not be raised for the first time on appeal"), *appeal denied*, 959 A.2d 927 (Pa. 2008) (table). Second, he failed to file his petition within the 60-day deadline set forth in Section 9545(b)(2) of the PCRA. *See* 42 Pa.C.S. § 9545(b)(2); *Commonwealth v. Leggett*, 16 A.3d 1144, 1146-47 (Pa. Super. 2011) (petition must be filed within 60 days of decision recognizing new constitutional right, not within 60 days of when petitioner learned of newly-recognized right).